IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Fountain Leasing, )
 )
    *Plaintiff*, )
 )
v. ) Case No.: 3:12-CV-397-PLR-CCS
 )
Chester Adamson and Frank Ikerd, )
 )
    *Defendants*. )

**Memorandum Opinion and Order**

Based on two lease guarantees, Fountain Leasing seeks to recover $1,577,851.99 from the Chester Adamson. Both guarantees are notarized and purportedly bear Mr. Adamson's signature, however, Mr. Adamson denies executing either guarantee or authorizing any individual to execute either guarantee on his behalf. Presently before the Court is Fountain Leasing's motion for summary judgment. Because there is a material dispute of fact with respect to whether Mr. Adamson executed the guarantees, Fountain Leasing's motion will be denied.

**1. Standard of Review**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986); *Burchett v. Keifer,* 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id*. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id*. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## 2. Background

Very few facts are necessary to decide this motion for summary judgment. On September 2, 2010, Ikerd Mining, LLC executed a lease agreement for a Caterpillar excavator with Fountain Leasing (the "0901 Lease"). According to the plaintiff, Mr. Adamson executed a guarantee for the 0901 Lease the same day. On September 19, 2010 Ikerd Mining executed a second lease with Fountain Leasing for a Caterpillar dump truck (the "0908 Lease"). Fountain Leasing claims Mr. Adamson executed a guarantee for the 0908 lease the same day.

Ikerd Mining defaulted under the terms of both lease agreements, and Fountain Leasing accelerated all rent payments due under both leases and demanded Adamson pay the balance due. The total due and owing under both leases, including unpaid balances, interest, late fees, repairs, and attorney fees is $1,577,851.99.

Mr. Adamson contends that he did not execute either of the guarantees. He does not dispute that there are signatures purporting to be his on both guarantees, but he contends he did not sign them. Both leases were purportedly notarized in Kentucky, however, Mr. Adamson (who lives in Florida) claims he was not in Kentucky at any point in time in September 2010. He corroborated his claim with flight records indicating the only out of state trips he took in September 2010 were to Mississippi and Alabama. Mr. Adamson also submitted his American Express invoices as further evidence that he was not in Kentucky in September 2010. Mr. Adamson stated that he is the only person who uses his American Express account. There are no charges from Kentucky on his invoice. Indeed, there are actually charges in Florida on both September 2, 2010 and September 15, 2010—the dates the guarantees were notarized.

3. **Discussion**

A party challenging the existence of their own signature on a document bears the burden of showing, by a preponderance of the evidence, that he did not sign the document in question. *See, e.g. Ali v. Professional Real Estate Developers*, 2000 WL 192562, at *3 (Tn. Ct. App. February 18, 2000) ("Tennessee cases have clarified that a party challenging a written instrument has the burden of proving the invalidity of the writing by only a preponderance of the evidence.") (collecting cases). Mr. Adamson has submitted multiple forms of evidence to support his claim that the signatures on the guarantees are not authentic. As mentioned above, the Court's function at the summary judgment stage is not to weigh the evidence or decide the truth of a matter. Presently before the Court is a textbook example of a genuine issue of material fact upon which summary judgment cannot be granted. *See U.S. Sec. Associates, Inc. v. Wade*, 2006 WL 1107295, at *5 (E.D. Mich. April 25, 2006).[1]

4. **Conclusion**

Because there is a material question of fact regarding whether Mr. Adamson executed the two lease guarantees at issue, Fountain Leasing's motion for summary judgment, [R. 23], is **Denied**.

**It is so ORDERED.**

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT

UNITED STATES DISTRICT JUDGE

---

[1] In situations such as this, where after a party has moved for summary judgment it becomes obvious that there are genuine issues of material fact that preclude summary judgment, litigants should appreciate that it would promote a more efficient use of judicial resources if counsel simply withdrew the motion.

4